Verna R. SMITH, Plaintiff and Appellant,

v.

Albert COON and 20th Century Housing, Defendants and Respondents.

No. 14519.

Supreme Court of Utah.

May 26, 1977.

---

Verna R. Smith, pro se.

Pamela R. Taggart, Roe & Fowler, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

Mrs. Smith, the appellant herein, sold real property to Mr. Coon, the respondent, on February 9, 1965, for a price of $10,500 with $500 paid down, and the balance of $10,000 to be paid at the rate of $60 per month, together with interest on the unpaid amount at six and one-half percent (6½%). Mr. Coon also agreed to pay taxes and insurance.

If the contract had been paid as promised, it would have been paid out during the year 2003 A.D. However, taxes and insurance were not always paid so Mrs. Smith made the payments and added them to the principal balance.

On or about February 20, 1974, Mr. Coon assigned his interest as purchaser of the realty to 20th Century Housing, a Nevada corporation, at which time he represented that there was due and unpaid on the purchase contract the sum of $9,391.04. The schedule of payments shows that as of March 10, 1974, there would have remained unpaid on the contract $9,126.36 if all payments had been made according to the terms of the contract. This indicates an underpayment of $264.68.

Mrs. Smith began a suit to terminate the contract and alleged that the purchasers became delinquent in their payments on the 10th day of March, 1974. On August 21, 1974, she served legal notice on the purchasers that they were in default of their payments since February, 1974, and that they must remedy the default within ten days from service of the notice upon them.

The assignee of the interest of Mr. Coon sent checks in the amount of $60 each and every month to Mrs. Smith, but she always returned them with various reasons designated, one of which was common to all, viz.: "It is not legal tender." The assignee kept sending checks but did inquire as to what Mrs. Smith considered to be legal tender. It needed to know what legal tender was and could have obviated trouble in that regard by tendering "legal tender." However, Mrs. Smith always attached other reasons for not accepting the money so that it is obvious that she would not have accepted "legal tender" for the amounts paid. Thus, the contract may not be terminated merely because the payments were made by check.

On September 6th of 1974, Mrs. Smith served notice upon the purchasers that they had not remedied the defaults in the purchase contract and had become tenants-at-will; and if they did not vacate within five days, legal proceedings would be initiated for the possession of the property.

Despite the existence of disputed issues of fact, the court proceeded to determine the dispute and rendered a summary judgment against Mrs. Smith. He found that the balance on the contract was $9,411.83 which was $285.47 greater than the balance should have been. The court in its memorandum decision stated:

It is incredible that for a difference of about $400.00 that the defendant should have been put to the legal expense, time and effort to resolve this lawsuit. It is apparent that plaintiff's primary interest in filing the lawsuit was to endeavor to terminate the contract and recover the property, notwithstanding payments over a ten year period.

Within a ten-year period the defendants, pursuant to the contract, should have paid the sum of $873.64 on the principal. However, by the judge's own finding (on summary judgment), the principal debt had been reduced by only $588.17. Whether the default amounted to $400 as stated by the court, or amounted to $285.47 if the calculation was correct, the default was real, and percentage-wise it was substantial. In either case, Mrs. Smith had the legal right to require the purchasers to bring their payments current. She gave them ten days to do so. One cannot say as a matter of law that ten days is an unreasonable time to raise $285.17 or even $400. As a matter of equity it might or might not appear at trial that the time was too short; but one cannot say that it is as a matter of law.

It should be remembered that for ten years the purchasers have had the possession of the realty and have paid less then $600 on the contract. If this contract is to be held valid, it must be done by a trial of the issues and not by a summary judgment.

The ruling is reversed and the case remanded for further proceedings not inconsistent with this opinion. Costs are awarded to the appellant.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.